**William HU, Plaintiff,**

v.

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, Defendant.**

**No. 97 Civ. 2256(CBM).**

United States District Court,
S.D. New York.

Dec. 2, 1999.

Perkins & Dunnegan, by William Dunnegan, New York City, for plaintiff.

Paul, Hastings, Janofsky & Walker LLP, by Carla R. Walworth, Philip J. Paseltiner, Neil B. Stekloff, Stamford, CT, for defendant.

## OPINION

MOTLEY, District Judge.

This case involves a claim of age discrimination filed under the Age Discrimination in Employment Act. Defendant has moved to dismiss for lack of subject matter jurisdiction. For the reasons outlined below, the court now grants defendant's motion on the grounds that federal district courts lack subject matter jurisdiction to extraterritorially apply the Age Discrimination in Employment Act to prospective employees who are not citizens of the United States.

BACKGROUND

This case involves a claim of age discrimination regarding a law firm's failure to hire a prospective employee. Plaintiff brings this claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, ("ADEA"). William Hu, a graduate of Cardozo Law School, sought employment with the law firm of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") either as a first year associate in Skadden's New York office or to perform due diligence work in Skadden's Beijing and Hong Kong offices.

Prior to attending law school Hu had worked as a legal assistant at Skadden's New York office. Skadden rejected Hu's application for employment following his law school graduation. Hu claimed Skad-

den had discriminated against him based on his age. In May of 1995 Hu filed a complaint with the New York State Division of Human Rights, which found no probable cause to believe that Skadden had improperly discriminated against Hu and dismissed the complaint. The Equal Employment Opportunity Commission reviewed this dismissal and found no statutory violations and issued plaintiff a "right to sue" letter in December 1996. Plaintiff filed the present action in March of 1997, alleging that Skadden's failure to hire him violated the ADEA. Hu also filed related actions in the New York State Supreme Court where his claim for slander is pending and his claims for libel and intentional infliction of emotional distress were dismissed.

In September of 1998, Judge Wood granted partial summary judgment for defendant. Judge Wood dismissed Hu's claim of age discrimination regarding Skadden's failure to hire him for a New York associate position. Judge Wood reasoned that, given plaintiff's academic record, he failed to show that he was as qualified as the younger candidates Skadden selected to fill those positions. Judge Wood denied defendant's motion for summary judgment regarding the failure to hire Hu for the positions in Beijing and Hong Kong, citing genuine issues of material fact regarding Hu's qualifications compared to the qualifications of the persons actually hired by Skadden to fill those positions. At the time of Judge Wood's decision on summary judgment, neither party had addressed the extent to which the ADEA applies outside of the territory of the United States.

ANALYSIS

■ The court now grants defendant's motion to dismiss for lack of subject matter jurisdiction. The only remaining claim in this case involves an age discrimination claim brought under the ADEA for Skadden's refusal to hire Hu to work in its Beijing and Hong Kong offices. At the time of the alleged discrimination Hu was a Chinese citizen, legally residing in the United States. Hu had applied for, but not yet received, United States citizenship. It is undisputed that Hu was not a United States citizen and that he sought a job to be performed outside of the United States. Defendant's recent motion draws the court's attention to the fact that extraterritorial application of the ADEA extends only to United States citizens working abroad for United States employers. The ADEA does not apply in the case presently before this court because Hu was not a United States citizen when he applied to work abroad.

Plaintiff's claim clearly calls for extraterritorial application of the ADEA because the job which plaintiff sought was to be performed in Beijing and Hong Kong. The ADEA would apply to Hu, as a noncitizen, only if he sought to work in the United States. Although Hu conducted his job search in the United States, the employment he sought was to be performed outside the country. The fact that Skadden conducted employment interviews in New York and may have made hiring decisions in New York does not suffice to render the employment within the United States for ADEA purposes. *See Denty v. SmithKline Beecham Corp.*, 109 F.3d 147, 150 (3rd Cir.1997) (noting that the place where the job is to be performed constitutes the location of the work site for ADEA purposes).

As amended, the extraterritorial scope of the ADEA is clearly defined. "The 1984 amendments to the ADEA were generally intended to extend the Act's coverage to Americans employed abroad by American companies or their subsidiaries". *Helm v. South African Airways*, 1987 WL 13195, at *7 (S.D.N.Y.1987). The extent to which the ADEA applies outside of the United States is clearly limited. "The ADEA does not extend to foreign nationals working abroad for American companies or their subsidiaries". *Iskandar v. American University of Beirut*, 1999 WL 595651, at *2 (S.D.N.Y.1999) (internal citations

omitted). This limitation in the scope of the ADEA avoids the sovereignty issues which would arise if the United States attempted to broadly impose its labor standards in other nations. *See Denty v. SmithKline Beecham Corp.,* 109 F.3d 147, 150 (3rd Cir.1997). "Congress was careful not to impose its labor standards on another country. Accordingly, congress did not extend ADEA's protections to foreign nationals working abroad for American companies or their subsidiaries." *Helm v. South African Airways,* 1987 WL 13195, at *7 (S.D.N.Y.). Thus, the rules for extraterritorial application of the ADEA require a distinction between citizens and non-citizens of the United States. Hu, a non-citizen who resided in the United States, falls on the non-citizen side of this divide regardless of his residency. *See Iwata v. Stryker Corp.,* 59 F.Supp.2d 600 (N.D.Tex.1999) (holding that the ADEA does not apply to discrimination claims by a plaintiff who had been a resident alien of the United States and sought to bring discrimination claims related to work for an American-controlled employer in Japan).

Lack of subject matter jurisdiction is an established means to dismiss a discrimination claim purportedly brought under the ADEA but for which the ADEA does not apply. *See Iskandar v. American University of Beirut,* 1999 WL 595651, at *2 (S.D.N.Y.1999) (dismissing age discrimination claim brought by a Lebanese citizen employed in Beirut for lack of subject matter jurisdiction because the ADEA does not apply to non-citizens working abroad). The employment which Hu sought in Beijing and Hong Kong was not governed by the ADEA. Thus, since no federal statute is implicated, this court lacks subject matter jurisdiction over this age discrimination claim.

■ The timing of defendant's motion does not detract from its merit. Although defendant filed this motion to dismiss more than two years after the inception of this suit, plaintiff's protest regarding the timing of this motion on the eve of trial is unavailing. It is well settled that lack of subject matter jurisdiction cannot be waived and a motion to dismiss on this ground may be properly made and granted at any time. The fact that "jurisdiction over the subject matter provides the basis for the court's power to act" requires a court to dismiss an action "whenever it appears that the court lacks such jurisdiction." *John B. Hull, Inc. v. Waterbury Petroleum Products, Inc.,* 588 F.2d 24, 27 (2d Cir.1978). It is never too late in the progression of an action for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(h)(3) and Fed. R.Civ.P. 12(b)(1). "Rule 12(h)(3) specifically provides that whenever it appears by suggestion of the parties or otherwise the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Walsh v. McGee,* 918 F.Supp. 107, 111 (S.D.N.Y.1996).

CONCLUSION

At the time when Hu unsuccessfully sought employment with Skadden he was a Chinese citizen applying to work in Beijing and Hong Kong. Employment of a foreign national outside of the United States falls beyond the scope of the ADEA. As such Hu's discrimination claim fails to state any claim colorable under federal law. Thus, the court must now dismiss the claim for lack of subject matter jurisdiction.