DIANA GRIBBON MOTZ, Circuit Judge,
concurring in the judgment:
I concur in the judgment because I agree that no authority compels application of the ADEA to a situation, like that here, in which a foreign national applies in his home country for a job in the United States.
In support of their contention that they are not requesting extra-territorial application of the ADEA, Luis Reyes-Gaona and the EEOC rely on several cases in which courts have denied, on extra-territoriality grounds, the ADEA claims of legal aliens who applied in the United States for work abroad. See Hu v. Skadden, Arps, Slate, Meagher & Flom LLP, 76 F.Supp.2d 476, 477 (S.D.N.Y.1999) (“Although Hu conducted his job search in the United States, the employment he sought was to be performed outside the country. The fact that Skadden conducted employment interviews in New York and may have made hiring decisions in New York does not suffice to render the employment within the United States for ADEA purposes.”); see also Denty v. SmithKline Beecham Corp., 109 F.3d 147, 150 n. 5 (3rd Cir.1997) (denying claim of legal alien who applied in the United States for a position abroad on the ground that the place where the job is to be performed constitutes the location of the work site for ADEA purposes).
Reyes-Gaona and the EEOC argue that these authorities stand for the principle that courts look to the place of employment, not the place of the job application, in determining whether the ADEA reaches a given claim, or whether permitting the claim would require the extra-territorial application of the statute. In the case at hand, they maintain that the place of employment is the United States, so the ADEA applies to Reyes-Gaona’s claim.
The authorities cited by Reyes-Gaona and the EEOC, however, do not present the same situation as this case; indeed, they present the reverse situation. Whereas the case at hand involves a foreign national applying outside the country for a position in the United States, those cases involved a foreign national applying in the United States for a position, outside the country. The fact that the ADEA did not apply in those cases does not compel the conclusion that it does apply to this one. For this reason, I join in the judgment.
I emphasize that the decision reached by the court in this case does not conflict with the generally accepted principle that statutes affording protection from employment discrimination, such as Title VII and the ADEA, apply to foreign nationals who are legally employed in the United States. See Espinoza v. Farah Mfg. Co., 414 U.S. 86, 95, 94 S.Ct. 334, 38 L.Ed.2d 287 (1973) (‘We agree that aliens are protected under [Title VII].”); Boureslan v. Aramco, Arabian American Oil Co., 892 F.2d 1271, 1273 (5th Cir.1990) (holding that Congress intended to “provide Title VII coverage to aliens employed within the United States”); O’Loughlin v. The Pritchard Corp, 972 F.Supp. 1352, 1363-64 (D.Kan.1997) (The ADEA “in general protects noncitizens of the United States from unlawful discrimination.”). Had Reyes-Gao-na been hired by NCGA, once he began work in this country, the ADEA would have protected him from unlawful employment discrimination.