STATE OF MAINE                                    SUPERIOR COURT
                                                   CIVIL ACTION
YORK, ss.                                 DOCKET NO. CV-07-114
                                          *h:    )( (    : /,  :


LEIGH ANNE ESPOSITO,

            Plaintiff

                                          ORDER
    v.                                     AND
                                          DECISION


VIP AUTO,

            Defendant


Leigh Anne Esposito worked for the defendant VIP Auto, Inc. starting in July of 2004. She has filed a complaint in this Court for a hostile work environment. She claims that VIP committed unlawful employment discrimination based on her sex and seeks an award of damages. Two motions have been filed, briefed and argued. The first is the defendant's motion for summary judgment claiming that the suit was brought in the wrong state. The second is the plaintiff's motion to amend the complaint. Consistent with the directives of the Law Court, the motion to amend will be considered first.

The motion to amend would add to the complaint another alleged act of sex discrimination based on an alleged incident involving the plaintiff's company issued phone and computer. That motion will be denied as untimely.

The key motion is defendant's motion for summary judgment. In this case the plaintiff was hired by a Maine company, assigned to a territory in Massachusetts and Rhode Island, had a place of employment in Watertown, Massachusetts, and did not reside in Maine. While certain decisions regarding her employment originated in

Maine and she sometimes had contact in Maine with company officials, her primary workstation was in Massachusetts.

There are two recent cases from the United States District Court for the District of Maine which help resolve the motion for summary judgment.

The first opinion is *Gavrilovic v. Worldwide Language Resources, Inc.*, 441 F.Supp.2d 163, 2006 U.S. Dist. LEXIS 51317 involving a Serbian language interpreter who sued a Maine based company for both statutory and common law violations based in part on sex discrimination which took place outside the United States. In a brief statement, at 177, the Court stated, "The alleged retaliation against Gavrilovic occurred partly in Maine ... Company senior management in Maine directed Gavrilovic back to the United States. Likewise, management in Rumford discontinued her security clearance. Therefore a retaliation claim under the Maine Human Rights Act is available." This opinion certainly supports Ms. Esposito's claim that a court in Maine can hear her case.

The second case is *Judkins v. Saint Joseph's College of Maine*, 483 F.Supp.2d 60 (2007) where a faculty member sued St. Joseph's because of decisions that were made in Maine but carried out at the college's branch campus in the Cayman Islands. The case turned on what the proper deadline was for filing a claim based on what state or local agency had the authority to enforce the laws against employment discrimination. If Maine could properly hear the case then there was a longer 300-day statute of limitation. If Maine could not, and thus was not a "deferral state", then there was only a shorter 180-day period to file a claim. The plaintiff was beyond the shorter period but potentially within the 300-day period.

The *Judkins* opinion explained, at 65, that there is "a well-established presumption against the extraterritorial application of a state's statutes" and that the Maine Human Rights Act was not intended by the Maine Legislature, at 66, "to apply

2

outside of Maine." *Judkins* stated, at 69, "In short, the Court concludes the Maine Human Rights Commission, through the Maine Human Rights Act, does not have the authority to grant or seek relief for any acts of discrimination that occurred in the Cayman Islands."

In another case *Hu v. Skadden, Arps, Slate, Meagher & Flom, LLP,* 76 F. Supp. 2d 476 (S.D.N.Y. 1999) the District Court concluded, in a different context partly involving issues of whether a federal law applied to non-United States citizens, that, at 477, "The fact that Skadden conducted employment interviews in New York and may have made hiring decisions in New York does not suffice to render the employment within the United States for ADEA (Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.*) purposes."

Lastly, in *Shekoyan v. Sibley International Corp.,* 217 F.Supp.2d 59, 2002 U.S. Dist. LEXIS 15839 (D.D.C. 2004), aff'd 409 F.3d 414 (D.C. Cir. 2005), the Court summarized the legal principles in cases involving the extraterritorial application of federal employment discrimination statutes by stating, at 68, "A determination of a plaintiff's location of employment for both Title VII and ADEA purposes focuses on the location of the employee's primary workstation." The opinion also stated, "Courts have been consistently clear that an individual, whose primary workstation is abroad, cannot characterize otherwise extraterritorial employment as domestic solely because employment decisions were made and the training occurred for such jobs in the United States."

This is not a case where a minimum contacts analysis is proper. See 14 M.R.S.A. §704-A. The defendant is not a "nonresident defendant" and certainly has substantial contacts with Maine. The issue is whether the State of Maine has jurisdiction to decide a claim of sex discrimination in employment where the plaintiff had her primary

workstation outside of Maine and had only incidental contact with Maine. The precedents, both dealing with Maine's Human Rights Act and analogous federal provisions, generally indicate or suggest that the Maine Human Rights Act does not have extraterritorial applicability. The attempts to argue that discriminatory decisions were made in Maine fail to confer jurisdiction since the plaintiff's employment was outside of Maine.

If the place where the decision was made, rather than the place of employment, dictated where employment discrimination suits should be brought, Maine residents would potentially suffer by being forced to bring suit in a distant and inconvenient locale. Many Maine employers have their primary corporate offices in other states and even other countries. Several large retailers have headquarters elsewhere and many of the remaining paper product companies are based in Canada or Europe or at even greater distances.

Ms. Esposito, who worked from Massachusetts, cannot bring her claim here in Maine.

The entries are:

Plaintiff's motion to amend complaint is denied.

Defendant's motion for summary judgment is granted. Judgment for the defendant on the complaint without costs.

Dated:          May 6, 2008

Guy Loranger, Esq. - PL
Douglas P. Currier, Esq. - DEF
Alexia Pappas, Esq. - DEF

Paul A. Fritzsche
Justice, Superior Court

4