# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

STEVEN L. PARKER,[1]

     Appellant,

     v.

DEPARTMENT OF THE ARMY,

     Agency.

DOCKET NUMBER
SF-0752-13-1556-I-1

DATE: April 5, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Steven L. Parker, APO, AP, pro se.

Marlena Ragland, APO, AP, for the agency.

Walter J. Folger, Fort Shafter, Hawaii, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which affirmed the agency's furlough action. Generally, we grant petitions such as this

---

[1] Pursuant to 5 C.F.R. § 1201.36(a), this appeal was part of a consolidation. *Installation Management Command/Korea v. Department of the Army*, MSPB Docket No. SF-0752-14-0121-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115  (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        On May 31, 2013, the agency proposed to furlough the appellant, an Attorney (Labor) working in Korea, for no more than 11 work days due to "extraordinary and serious budgetary challenges facing the Department of Defense (DOD) for the remainder of Fiscal Year (FY) 2013, the most serious of which is the sequester that began on March 1, 2013."  Initial Appeal File (IAF), Tab 1 at 8-10.  The appellant responded in writing to the notice of proposed furlough.  IAF, Tab 6 at 14-18; Petition for Review (PFR) File, Tab 4 at 6-9.  On July 3, 2013, the agency issued the decision furloughing the appellant for no more than 11 discontinuous workdays.  IAF, Tab 1 at 11-13.  The agency later reduced the duration of the furlough from 11 days to 6 days.  *Installation Management Command/Korea v. Department of the Army*, MSPB Docket No. SF-0752-14-0121-I-1, Consolidation Appeal File (CAF), Tab 5 at 17.

¶3        The appellant filed an appeal, which the administrative judge consolidated with the appeals of similarly situated employees.  IAF, Tab 1; CAF, Tab 1.

Following a hearing in the consolidated appeals, the administrative judge issued an initial decision finding that the furlough actions were a reasonable management solution to the financial restrictions imposed by sequestration and promoted the efficiency of the service. CAF, Tab 21, Initial Decision (ID) at 8. The administrative judge further found that the agency applied the furlough in a fair and equitable manner. ID at 7‑8.

¶4 The appellant has filed a petition for review. PFR File, Tab 1. The agency has filed a response in opposition to the appellant's petition for review. PFR File, Tab 3. The appellant has filed a reply to the agency's response. PFR File, Tabs 4-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The agency has shown that the furlough promoted the efficiency of the service.</u>

¶5 A furlough of 30 days or less is reviewable by the Board under the "efficiency of the service" standard of 5 U.S.C. § 7513(a). *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 5 (2013). The Board has found that an agency satisfies the efficiency of the service standard by showing, in general, that the furlough was a reasonable management solution to the financial restrictions placed on it and that the agency applied its determination as to which employees to furlough in a "fair and even manner." *Id*., ¶ 8. The appellant argues that the Board's reliance on *Chandler* is misplaced because it is a decision concerning the scope of discovery, and was an interlocutory appeal before the record had been fully developed. PFR File, Tab 1 at 9. We do not agree. The Board's decision in *Chandler* explained the standard of review for furlough appeals. *See Chandler*, 120 M.S.P.R. 163, ¶¶ 5-9. The Board has consistently relied on that standard in adjudicating furlough appeals on the merits. *See, e.g.*, *Yee v. Department of the Navy*, 121 M.S.P.R. 686, ¶ 13 (2014); *Gajdos v. Department of the Army*, 121 M.S.P.R. 361, ¶¶ 9-11 (2014). The administrative judge properly found that the furlough action was a reasonable management

solution to the financial restrictions imposed by sequestration and promoted the efficiency of the service by allowing the agency to avoid a possible deficit of funds for FY 2013.  ID at 8.

¶6        The record evidence establishes that DOD faced a budgetary shortfall of about \$11 billion in May 2013, and that it estimated that a civilian employee furlough of 11 days would have saved about \$2 billion.  CAF, Tab 5 at 9-11.  The appellant argues that the agency has not shown that it lacked the funds to pay his salary for the days he was furloughed.  PFR File, Tab 6 at 7-8.  However, the agency is not obligated to prove it lacked funds to pay an individual employee's salary or a particular department's salaries.  *See Yee*, 121 M.S.P.R. 686, ¶¶ 14-15 (stating that DOD could consider its budget holistically in determining whether to implement furloughs).

¶7        The appellant also argues that the agency has not shown his furlough promoted the efficiency of the service because the agency was responding to a reduction in funds and not a complete lack of funds, and, in September 2013, U.S. Army Garrison Daegu's budget increased by more than \$3 million.  PFR File, Tab 1 at 9-12.  The appellant argues that the agency could have reprogrammed funds to cover the salaries of the employees who were furloughed.  *Id.* at 11.  The agency, however, is not required to show a complete lack of funds to show that furloughs promoted the efficiency of the service.  *See Einboden v. Department of the Navy*, 802 F.3d 1321, 1325 (Fed. Cir. 2015) (affirming the Board's finding that it was reasonable, in the context of an agency-wide furlough, for DOD to determine that savings from furloughs could be used to address other higher-priority budgetary needs).  Even if, as the appellant has alleged, the budget at his installation increased after the furlough decisions were made, it is immaterial whether subsequent events ameliorated the agency's budgetary concerns because management decisions are inherently prospective.  *Id.*  The Board will not second guess an agency's decision to meet its need for spending cuts through furloughs rather than other cost-savings measures.  *Id.* (stating that

the court will not second guess agency decisions as to how to prioritize funding when faced with a budget shortfall); *Chandler*, 120 M.S.P.R. 163, ¶ 9 (finding that the Board's efficiency of the service determination does not encompass agency spending decisions per se).

¶8        The appellant has described his duties and assignments, and he argues that his furlough had a negative effect on the organizations he represents as a Labor Attorney.  PFR File, Tab 1 at 6-9.  The Board has held that the term "service" in section 7513(a) generally should be read in the broader sense of meaning civil or Federal service; therefore the agency meets its burden of showing a nexus between a furlough and the efficiency of the civil service generally. *Yee*, 121 M.S.P.R. 686, ¶ 12.  The administrative judge appropriately found that the agency established the appellant's furlough promoted the efficiency of the service by presenting unrebutted evidence that DOD was required to make significant spending cuts because of sequestration and that furloughs, along with many other measures, helped avoid a deficit.  ID at 6.  Thus, we find that the agency met its burden even if the furlough had a negative effect on the appellant's assignments.

The appellant was provided with the required due process.

¶9        The appellant argues that he was denied due process because the deciding official was required to use a decision template and have his decision not to furlough employees reviewed by the Assistant Secretary of the Army for Manpower and Reserve Affairs and the Secretary of the Army.  PFR File, Tab 1 at 13.  The appellant believes that these procedures were coercive.  *Id.*  The appellant also argues that he was denied due process when the agency failed to provide him with documents that he requested to use in preparing his reply to the proposed furlough.  *Id.*  at 12-13; *see* IAF, Tab 6 at 10-12, 19‑25.

¶10       Procedural due process rights derive from a property interest in which an individual has a legitimate claim of entitlement.  *Gajdos*, 121 M.S.P.R. 361, ¶ 13.  The appellant has a legitimate claim of entitlement to retention in pay status, and

thus a property interest, pursuant to 5 U.S.C. §§ 7512(5) and 7513(a), which condition his placement in a temporary status without duties and pay on such cause as will promote the efficiency of the service. *See Gajdos*, 121 M.S.P.R. 361, ¶¶ 13-14. Due process is a flexible concept that calls for such procedural protections as the particular situation demands. *See, e.g.*, *id.*, ¶ 18; *Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶¶ 16, 19 (2014). Prior notice and an opportunity to respond are the fundamental due process requirements before a tenured public employee is furloughed. *Ronso v. Department of the Navy*, 122 M.S.P.R. 391, ¶ 13 (2015) (discussing due process in the context of a furlough appeal).

¶11        The appellant does not dispute that he received prior notice and an opportunity to respond to the proposed furlough. PFR File, Tab 1 at 13. The agency's responses to the appellant's document requests during discovery below state that the material relied on by the agency to support its furlough decision was available for review on a website. IAF, Tab 6 at 10, 19. The deciding official testified that it was clearly articulated by higher headquarters that he had the authority to exempt or except employees from furlough. Hearing Compact Disc 1. He was asked during the hearing whether he believed he had the authority to except the appellant from furlough, and he testified "absolutely." He also testified that he considered the appellant's replies prior to making his decision. Based on these facts, we find that the deciding official possessed sufficient decision‑making authority in the context of this agency-wide furlough to satisfy the appellant's right to due process. *See Rodgers v. Department of the Navy*, 122 M.S.P.R. 559, ¶ 7 (2015).

¶12        Even though we find no due process violation, we still must determine whether the agency committed a procedural error. *See Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1377-78 (Fed. Cir. 1999). An appellant bears the burden of proving, by preponderant evidence, that the agency committed harmful error in reaching its decision. 5 C.F.R. § 1201.56(b)(2)(i)(C), (c)(3). A

harmful error is an error by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. 5 C.F.R. § 1201.4(r). To show harmful error, an appellant must provide proof of actual harm resulting from the agency's procedures. *Pumphrey v. Department of Defense*, 122 M.S.P.R. 186, ¶¶ 10-11 (2015).

¶13     A notice of proposed furlough must inform the employee of his right to review the material that is relied on to support the furlough. *Salo v. Department of Defense*, 122 M.S.P.R. 417, ¶ 9 (2015); 5 C.F.R. § 752.404(b). The notice of proposed furlough issued to the appellant stated that he had the right to review the supporting materials and provided the name of the individual he could contact to review them. IAF, Tab 6 at 27. The agency's responses to the appellant's subsequent document requests provided a website where the supporting materials were available for review. *Id.* at 10, 19. Making the supporting materials available on a website can satisfy the agency's obligation under 5 C.F.R. § 752.404(b). *See Salo*, 122 M.S.P.R. 417, ¶ 9 (finding that the agency satisfied its obligation under 5 C.F.R. § 752.404(b) to make the material relied on to support a furlough available for review when the proposal notice advised the employee how to view the materials at an agency website); *see also Pumphrey*, 122 M.S.P.R. 186, ¶ 7 n.2 (determining that, when the notice of proposed furlough informed the appellant how to view the supporting material on an agency website, his vague statement that he was not given predecisional access to the material relied on did not support a finding of harmful procedural error). The appellant has not alleged that the agency would have reached a different conclusion if different procedures had been used to implement the furloughs. Therefore, we find that the appellant has not shown that the agency committed harmful procedural error.

<u>The administrative judge did not err in applying reduction‑in‑force (RIF) principles to determine who was similarly situated to the appellant.</u>

¶14 The appellant argues that the furloughs were not implemented in a fair and even manner because he was furloughed but the Korean national employees of the agency were not. PFR File, Tab 1 at 8-9; ID at 7-8. Applying RIF principles, the administrative judge found that these employees were in a different employment status and not comparable for purposes of determining if the furlough was implemented in a fair and even manner. ID at 7-8. On review, the appellant argues that the administrative judge erred by applying RIF principles to determine who is similarly situated during a furlough. PFR File, Tab 1 at 9-10. We do not agree. The Board is guided by RIF principles in making the determination of who is similarly situated in a furlough. *Weathers v. Department of the Navy*, [121 M.S.P.R. 417](#), ¶¶ 6, 8-9 (2014). The appellant has not established any error in the administrative judge's finding that Korean national employees of the agency were not similarly situated to the appellant for the purposes of determining whether the furlough was implemented in a fair and even manner. ID at 7-8; CAF, Tab 20, Subtab 7. The DOD excepted from furloughs foreign national employees outside the contiguous United States because many of them are subject to a Status of Forces Agreement[3] and because their "situation[s] vary greatly by country/region and because, in some cases, they are paid by host governments." Department of the Army Administrative Record for FY 13 Furlough Appeals at 81-82.[4] The appellant has not argued that one of the DOD‑wide exceptions applied to him. He also has not produced evidence of any similarly situated employee who was not also subject to the furlough and, unlike

---

[3] A Status of Forces Agreement is an agreement between the United States and a foreign nation regarding mutual rights and obligations concerning stationing military forces in that host country. *See, e.g.*, *Johnson Controls, Inc. v. United States*, 8 Cl. Ct. 359, 361‑64 (Ct. Cl. 1985), *aff'd*, 795 F.2d 1011 (Fed. Cir. 1986) (Table).

[4] The Department of the Army Administrative Record for FY 13 Furlough Appeals can be found at http://www.mspb.gov/furloughappeals/army2013.htm.

the Korean national employees of the agency to which he refers, he does not contend that he was subject to a Status of Forces Agreement, or paid by a host government.

¶15        In further support of the administrative judge's finding that foreign nationals are not similarly situated to the appellant, we note that certain anti‑discriminatory statutes are inapplicable to foreign nationals working abroad. For example, non-United States citizens working in a foreign country—whether for the Federal government, an American employer, or a foreign corporation controlled by an American employer—are not covered by title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act Amendments Act of 2008, or the Age Discrimination in Employment Act of 1967 (ADEA). *See, e.g.*, *Denty v. SmithKline Beecham Corporation*, 109 F.3d 147, 148-49 (3d Cir.) (finding that the language of the ADEA did not provide for extraterritorial application of the Act against a foreign corporation for failure to promote an employee to a job outside of the United States), *cert. denied*, 118 S. Ct. 94 (1997); *Hu v. Skadden, Arps, Slate, Meagher, & Flom LLP*, 76 F. Supp. 2d 476, 477-78 (S.D.N.Y. 1999) (same); *Jimenez v. Department of the Navy*, EEOC Appeal No. 01974773, 1999 WL 38767 (Jan. 21, 1999) (citing 29 C.F.R. § 1614.103(d)(4), the Equal Employment Opportunity Commission determined that aliens employed in positions outside the United States are not covered by the Federal equal employment opportunity (EEO) statutes); *de Asturias v. Department of Agriculture*, EEOC Appeal No. 01934069, 1994 WL 739875 (May 26, 1994) (holding that a foreign national employed by a Federal agency outside of the country was not covered by Federal EEO statutes).  It then was appropriate for the agency to classify all foreign nationals as exempt from the furlough.  Therefore, we find that the agency has met its burden of showing that the furloughs were implemented in a fair and even manner.

<u>The appellant was not denied due process during the discovery process.</u>

¶16      Discovery is designed to enable a party to obtain relevant information needed to prepare the party's case. 5 C.F.R. § 1201.71. The appellant alleges that he was denied due process when the administrative judge denied his request to depose the Under Secretary of Defense (Comptroller). PFR File, Tab 1 at 13. The administrative judge denied the appellant's request to depose the Comptroller and other senior agency officials about discretionary spending determinations because this information is not relevant. CAF, Tab 14. The administrative judge further found that the appellant sought information that already had been made available to him in the administrative record. *Id.*

¶17      An administrative judge has broad discretion in ruling on discovery matters, and, absent an abuse of discretion, the Board will not find reversible error in such rulings. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 15 (2013). It is not the Board's role to second guess the agency's decisions on how to prioritize funding when faced with a budgetary shortfall. *Einboden*, 802 F.3d at 1325. We agree with the administrative judge's finding that the factual basis for the furloughs is contained in the administrative record and was made available to the appellant. Therefore, we find that the administrative judge did not abuse his discretion by denying the appellant's request to depose agency officials about either discretionary spending determinations, including the reprogramming of funds in FY 2013, or the basis for the decision to furlough employees.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                William D. Spencer
                Clerk of the Board

Washington, D.C.